# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOCAL AD LINK, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ADZZOO, *et. al.*,<br><br>　　　　　　Defendants. | 2:09-cv-01564-GMN-LRL<br><br>**O R D E R** |

　　　Before the court is defendants' Motion (#79) to Strike Notice of Appearance (#72). The court has considered the motion (#79) and plaintiffs' Response (#81).

　　　On March 15, 2010, the court granted plaintiffs' prior counsel's Motion to Withdraw (#43). Order (#46). Plaintiffs were advised that a corporation may appear in federal court only through licensed counsel and given until April 12, 2010 to retain and file a notice of appearance of new counsel; or had they not retained counsel by that date to file a memorandum explaining why not. *Id*. Neither a notice of appearance nor a memorandum was filed by April 12, 2010. On April 28, 2010, defendants filed a Motion to Dismiss for Lack of Prosecution (#58) and Motion for Entry of Default (#59), based in part on the plaintiffs' failure to comply with the court's Order (#46). On June 14, 2010, Benjamin L. Bunker filed a Notice of Appearance (#72) on behalf of plaintiffs. Two days later, plaintiffs filed a Motion to Disqualify Counsel (#73).

　　　Defendants seek an order of the court striking plaintiffs' Notice of Appearance (#72) on grounds that the Notice was untimely filed without explanation. Mot. (#79) at 6. Defendants rely on cases wherein the court, calling upon its inherent power to sanction, struck untimely filings. *Id.* (citing *Paul v. Eastern Idaho Regional Medical Center*, 68 Fed. Appx. 76 (9th Cir. 2003); *Timbisha Shoshone Tribe*

*v. Kennedy*, 2010 US Dist. LEXIS 21048 at *6 (E.D. Cal. Feb. 17, 2010)). Those cases, however, do not stand for the proposition that the court should strike the *appearance of counsel*, particularly where, as here, plaintiffs are corporations. Inasmuch as a corporation may appear in federal court only through licensed counsel, *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993), to grant defendants' motion would be to disable plaintiffs from proceeding at all in this case.

Plaintiffs' somewhat cavalier attitude regarding their responsibility to retain counsel in this case and to comply with this court's Order (#46) to do so, has not gone unnoticed. Plaintiffs were to file either a notice of appearance of counsel, or in the alternative, a memorandum explaining why they had not retained counsel, by April 12, 2010. Plaintiffs did neither. When counsel did finally appear on June 14, 2010, plaintiffs provided no explanation for the late appearance, nor for their failure to provide the court with a memorandum as ordered. Only after defendants noted plaintiffs' defiance of the court's order did plaintiffs offer any explanation: they were busy operating businesses and "retaining new counsel requires more than picking a name out of the phone book." Response (#81) at 2. Although plaintiffs' conduct does not rise to the level of bad faith warranting extreme or terminal sanctions, plaintiffs are admonished that a future failure to comply with the court's orders may invite significant sanctions.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion (#79) to Strike Notice of Appearance (#72) is DENIED.

DATED this 1st day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**