**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LOCAL AD LINK, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:09-cv-01564-GMN-LRL |
| v. | ) |
| | ) **O R D E R** |
| ADZZOO, *et. al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Before the court is plaintiffs' Motion to Disqualify Counsel (#73). The court has considered the motion, defendants' Opposition (#85), and plaintiffs' Reply (#87). For the following reasons, the motion will be denied.

Defendants removed this action to federal court on August 19, 2009. Counsel for defendants, Locke Lord Bissell & Liddell LLP ("LLBL"), filed its notice to appear *pro hac vice* on August 27, 2009. On March 15, 2010, the court granted plaintiffs' prior counsel's Motion to Withdraw (#43). Order (#46). Plaintiffs were advised that a corporation may appear in federal court only through licensed counsel and were given until April 12, 2010 to retain counsel and file a notice of appearance. On April 28, 2010, defendants filed a Motion to Dismiss for Lack of Prosecution (#58) and Motion for Entry of Default (#59), based in part on the plaintiffs' failure to obtain counsel and file a notice of appearance. On June 14, 2010, plaintiffs' current counsel, Benjamin L. Bunker, filed a Notice of Appearance (#72) on behalf of plaintiffs. Two days later, plaintiffs filed the instant Motion to Disqualify Counsel (#73) pursuant to Nevada Rule of Professional Conduct 1.7(a), which governs conflicts of interest regarding current clients.

Plaintiffs argue that disqualification is proper because LLBL "has represented and continues to

represent four entities that [plaintiff] Mr. McNulty is involved with along with [plaintiff] Beyond Commerce, Inc. ("BCI")'s CFO, Mark Noffke." Mot. (#73) at 3. The four entities are (1) US Forest Industries, Inc., for which plaintiffs allege McNulty is CEO and Noffke is CFO, Secretary, and Treasurer; (2) USFI Holdings, Inc., for which plaintiff's allege McNulty is on the Board of Directors and Noffke is Secretary and Treasurer; (3) Forest Strategic Investments, for which plaintiffs allege McNulty is a 40% owner and Noffke is Secretary and Treasurer; and (4) US Forest Industries Investment, Inc, for which plaintiffs' allege McNulty is Director and Noffke is Secretary and Treasurer. *Id.* at 3-4. Plaintiffs state that LLBL has represented the four entities since at least 1996 and currently represents all four. *Id.* at 4. It is further alleged that McNulty and Noffke "have personal relationships with many of the attorneys at LLBL's Chicago office," and "one of LLBL's former attorneys is a business partner involved in these entities along with Mr. McNulty and Mr. Noffke." *Id.* Accordingly, plaintiffs assert that LLBL must be disqualified as counsel pursuant to Rule 1.7.

Nevada's Rule 1.7, which is adopted from the Model Rules of Professional Conduct 1.7, prohibits a lawyer from representing a client in a matter directly adverse to another current client or where there is a significant risk that representation of one or more clients will be materially limited by the lawyer's responsibility to another client. Generally, only a former or current client has standing to disqualify counsel on the basis of conflict of interest. *See, e.g. In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83 (5th Cir. 1976); *FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153 (W.D. Wash. 2006); *Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999). However, some courts have held that a nonclient may seek disqualification only if there is an "ethical breach [that] so infects the litigation . . . that it impacts the moving party's interest in a just and lawful determination of her claims." *Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999); *see also Jamieson v. Slater*, 2006 WL 3421788 (D. Ariz. Nov. 27, 2006) (plaintiff had standing to move to disqualify opposing counsel, who was himself a co-defendant and whose actions while representing his co-defendants were subject of plaintiff's suit; notwithstanding co-defendants' waiver of conflict, lawyer's interest in justifying what he did while representing them would "undoubtedly cloud" his ability to examine their alternatives);

*Bernocchi v. Forcucci*, 614 S.E.2d 775 (Ga. 2005) (nonclient movant must show "violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice").

Plaintiffs do not allege that either McNulty or Noeffke is a former or current client of LLBL. Though plaintiffs discuss Noeffke's alleged relationship to LLBL, Noeffke is not a party in this action. Noeffke is the CFO of a plaintiff, BCI; but it is not alleged that BCI, much less Noeffke, is a client of LLBL. Nor do plaintiffs allege that McNulty, a party in this action, is a client of LLBL. Plaintiffs represent only that McNulty, along with Noeffke, is "involved with," or on the board of, four entities, none of which is a party to this action, but all of which allegedly are clients of LLBL. The general rule, however, is that "a lawyer representing a corporate entity represents only the entity, not its officers, directors, or shareholders, and not any related entities such as parents, subsidiaries or sister companies." *Waid v. Eighth Judicial District Court*, 119 P.3d 1219, 1223 (Nev. 2005). Inasmuch as none of the plaintiff-movants is a current or former client of LLBL, they have no standing to bring this disqualification motion unless plaintiffs can show some heightened ethical breach that will impair the fair administration of justice in this matter.

Plaintiffs have not tendered evidence of an ethical breach that "so infects the litigation" that it would impact their interest in the determination of their claims, so as to allow them standing to bring the motion. Plaintiffs merely assert that McNulty and Noffke have had some unspecified relationships with some unspecified members of LLBL, and that McNulty is a business partner with a former member of LLBL. Plaintiffs suggest that LLBL probably has access to information about plaintiffs and it is likely that information may have been divulged by other attorneys at LLBL that could prejudice plaintiffs. Reply (#87) at 3. Disqualification of opposing counsel is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *United States v. Titan Pac. Const. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986) (citations and quotations omitted). Such equivocal suggestions of possible conflict by nonclients do not justify disqualification.

Accordingly, and for good cause shown,

. . .

3

IT IS ORDERED that plaintiffs' Motion to Disqualify Counsel (#73) is DENIED.

DATED this 14th day of October, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**