1

2          **UNITED STATES DISTRICT COURT**

3             **DISTRICT OF NEVADA**

4                    * * *
LOCAL AD LINK, INC, *et al*,                    )
5                                               )
                Plaintiffs,                     )
6                                               )     2:09-cv-01564-GMN -VCF
v.                                              )
7                                               )     **ORDER AND**
                                                )     **REPORT & RECOMMENDATION**
8                                               )
ADZZOO, LLC, *et al.,*                          )
9                                               )
                Defendants.                     )
10 _____  )

11          Before the court is defendants' Motion For Order Directing Plaintiffs To Appear Through

12 Counsel. (#106).  No Opposition was filed.  The court held a hearing on March 14, 2012.

13 **Background**

14          Plaintiffs filed their complaint in the Eighth Judicial District Court, Clark County, Nevada, on

15 July 29, 2009. (#1-2). On August 10, 2009, plaintiffs filed an *ex-parte* motion for temporary restraining

16 order and preliminary injunction.  (#1-4).  Plaintiffs were represented by Aaron D. Ford and Jared R.

17 Richards of Snell and Wilmer, L.L.P.  *Id.*  On August 11, 2009, the court granted the plaintiffs'

18 temporary restraining order, and scheduled a hearing on the preliminary injunction. (#1-5).  On August

19 19, 2009, defendant Don Rutt removed the action to this court based on diversity of citizenship.  (#1).

20 On the same day, attorneys Ford and Richards entered a notice of appearance on behalf of the plaintiffs.

21 (#2).

22          On August 26, 2009, the court held a hearing on the motion for preliminary injunction (#9),

23 which was continued until August 28, 2009, as the parties indicated that they were negotiating an

24 agreement.  The parties filed a stipulation regarding the preliminary injunction on August 27, 2009.

25 (#11).  On September 30, 2009, defendants filed a motion to dismiss.  (#28).  Plaintiffs filed an

26 opposition on October 19, 2009 (#30), and on November 13, 2009, defendants filed a reply (#33).  On

December 15, 2009, the court issued an order granting in part and denying in part defendants' motion to dismiss.  (#37).  On February 19, 2010, defendants filed an answer, a third party complaint, and counterclaims.  (#39).

On March 5, 2010, plaintiffs' attorneys at Snell and Wilmer filed a motion to withdraw as counsel, asserting that plaintiffs failed to pay the amounts in legal fees due and owing.  (#43).  The court granted the motion to withdraw on March 15, 2010, and ordered plaintiffs to retain new counsel by April 12, 2010.  (#46).  The April 12, 2010, deadline passed, and plaintiffs had not retained new counsel.  On April 28, 2010, defendants filed a motion to dismiss for lack of prosecution (#58), and a motion for entry of default as to defendants' counterclaims (#59).  Plaintiffs did not file an opposition.  Defendants filed a reply (#65), asserting that dismissal was appropriate for plaintiffs' failure to file an opposition as well as the other reasons stated in their motion.  On March 28, 2010, defendants filed a reply in support of entry of default (#69), asserting again that plaintiffs failed to oppose the motion.

On June 14, 2010, attorney Benjamin L. Bunker filed a notice of appearance on behalf of plaintiffs (#72), and a motion to extend time to respond to pending motions (#73).  On June 16, 2010, plaintiffs filed a motion to disqualify counsel for defendants.  (#73).  Defendants filed an opposition (#74) to the motion to extend time and cross motions to strike the notice of appearance (#79) and for sanctions (#80).  Defendants asserted that the relief sought was appropriate in light of the plaintiffs' failure to retain counsel as ordered by the court and failure to respond to motions.  (#79 and #80).  The court denied the motion to strike the notice of appearance (#84) on July 1, 2010.  After the pending motions were fully briefed, defendants assert that plaintiffs "took no further action."   (#106).  Defendants unsuccessfully attempted to contact plaintiffs' counsel regarding settlement negotiations.  *Id.*

On September 9, 2010, the court denied the defendants' motion to dismiss for failure to prosecute (#58), denied the defendants' motion for entry of default as premature without prejudice (#59), denied the plaintiffs' motion to extend time (#78), and denied the defendants' motion for

1  sanctions (#80). (#88). The plaintiffs' motion to disqualify defendants' counsel was denied on October

2  14, 2010. (#89). On February 10, 2011, months after the court's rulings, defendants filed a motion for

3  judgment on the pleadings and a motion to dismiss for lack of prosecution. (#90 and #91).

4      On February 23, 2011, Joseph Maridon, Jr. filed a notice of association of counsel (#93) for

5  plaintiffs. Plaintiffs filed an opposition to the motion to dismiss (#95) and the motion for judgment on

6  the pleadings (#96) on February 24, 2011. On March 3, 2011, defendants filed a reply in support of both

7  motions. (#97 and #98). Once the motions were fully briefed, defendants assert, "[p]laintiffs once again

8  fell silent, taking no action and demonstrating no interest in pursuing the case." (#106).

9      In July of 2011, plaintiffs' counsel Joseph Maridon filed a notice of withdraw as counsel (#100),

10  indicating that Benjamin Bunker, Esq., was now plaintiffs' counsel. In September of 2011, the court

11  issued rulings striking plaintiffs' answer (#94), denying defendants' motion for judgment on the

12  pleadings (#90), entering clerks default on defendants' counterclaims, denying defendants' motion to

13  dismiss (#91), and ordering defendants to file a motion for default judgment[1]. (#101). On September

14  23, 2011, the clerk entered default against plaintiffs/counter-defendants. (#102).

15      After the court issued its rulings, the defendants attempted to contact plaintiffs' counsel, Mr

16  Bunker, to discuss settlement negotiations. (#106). Mr. Bunker indicated that he no longer represents

17  plaintiffs and that he does not have any information regarding plaintiffs' new counsel. *Id.* The docket

18  indicates that plaintiffs' counsel of record is Mr. Bunker, and Mr. Bunker has not filed a motion to

19  withdraw. Defendants filed the instant motion on February 22, 2012. (#106). Any opposition was due

20  by March 10, 2012. *Id.* No opposition has been filed. On March 9, 2012, the court entered a minute

21  order scheduling a hearing on the defendants' motion (#106) for March 30, 2012. (#107). In the minute

22  order, the court ordered that "[a]ll parties and attorney Benjamin L. Bunker, Esq. are required to appear

23

---

24      [1] Defendants assert that they intend to file a motion for default judgment, but that in light of the numerous

25  claims, filing a motion of that magnitude against plaintiffs' who are unrepresented would "consume a great deal of the court's time only to result in additional litigation if and when plaintiffs choose to rejoin the case." (#106).

26                                              3

1  at the hearing." *Id.*  On March 14, 2012, the court issued a minute order rescheduling the hearing for

2  April 12, 2012, at 11:00 a.m.  (#108).

3       On February 22, 2012, at 2:29 p.m., an email was sent through the court's electronic filing

4  system, CM-ECF, to Mr. Bunker at benbunker@bunkerlawgroup.com[2] notifying him of the defendants'

5  motion for order directing plaintiffs to appear through counsel (#106).  On March 9, 2012, at 2:31 p.m.,

6  an email was sent through CM-ECF to Mr. Bunker at benbunker@bunkerlawgroup.com notifying him

7  of the court's minute order (#107) scheduling the March 30, 2012, hearing, wherein the court

8  specifically ordered Mr. Bunker to appear.  On March 15, 2012, at 8:26 a.m., an email was sent through

9  CM-ECF to Mr. Bunker at benbunker@bunkerlawgroup.com notifying him that the court vacated the

10  March 30, 2012, hearing and rescheduled it for April 12, 2012.  (#108).

11       The court held a hearing on April 12, 2012, at 11:00 a.m.  Counsel for defendants Matthew

12  Furton appeared, but no other counsel or parties were present.  (#109).  The court called Mr. Bunker's

13  law office, and was told that Mr. Bunker did not receive notice of the hearing.  The court permitted Mr.

14  Bunker to appear telephonically.  When questioned about receiving notification of the minute orders

15  (#107 and #108) scheduling the hearing, Mr. Bunker stated that he did not receive any emails from CM-

16  ECF.  Mr. Bunker asserted that his correct email address is benbunkeresq@gmail.com.  Mr. Bunker is

17  admonished that when he registered with CM-ECF through the court's website, it stated that attorneys

18  "have full responsibility to ensure [their] user information, including [their] *email address*, telephone

19  number and street address, is accurate."  *See* http://www.nvd.uscourts.gov/CMECFAttorneyRegistration

20  /frmUserRegistration.aspx (emphasis added).  On April 12, 2012, after the hearing, Mr. Bunker updated

21  his email address on CM-ECF.

22

23      [2] As of April 12, 2012, at 11:00 a.m., the docket in this action listed Mr. Bunker's email address as

24  benbunker@bunkerlawgroup.com.  According to the Nevada State Bar's website, http://www.nvbar.org/find-a-lawyer, Mr. Bunker's email address is benbunker@bunkerlawgroup.com.  On The Bunker Law Group, PLLC's website, the

25  email listed under contact information is benbunker@bunkerlawgroup.com.  (http://bunkerlawgroup.com/ about-the-bunker-law-group/attorney-profiles/)

26                         4

**Motion For Order Directing Plaintiffs To Appear Through Counsel (#106)**

Defendants assert that plaintiffs "have shown a minimal amount of interest in this litigation since February 2010, only appearing to defend themselves when [d]efendants filed motions to dismiss their claims for lack of prosecution, which were ultimately denied." (#106).  The defendants argue that since the plaintiffs are not represented by counsel, defendants cannot move forward with litigating this case or with settlement negotiations.  *Id.*

Defendants ask this court to issue an order compelling plaintiffs to appear either individually (as to Robert McNulty) or through counsel (as to corporate plaintiffs).  *Id.*  Defendants also ask this court to award attorneys' fees associated with defendants being forced to oppose the motion to disqualify and file the motions to dismiss and for default.  *Id.*  The defendants assert that the plaintiffs filed "a vexatious lawsuit in 2009, and for the last two years,...have done nothing but multiply the proceedings in bad faith in order to impose costs on [d]efendants."  *Id.*  Due to the massive costs on defendants, sanctions of attorneys' fees are appropriate.  *See e.g. Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)(holding that a court may "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").  Not only does defendants' motion have merit, but as no opposition was filed, plaintiffs consent to the granting of the motion in its entirety.  Local Rule 7-2(d)(stating that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

**A.     Plaintiffs' Failure To Appear Through Counsel**

Pursuant to Local Rule IA 10-6, "[n]o attorney may withdraw after appearing in a case except by leave of [c]ourt after notice has been served on the affected client and opposing counsel."  Mr. Bunker has not filed such a motion, and is still counsel of record.  During the hearing, Mr. Bunker stated that he no longer represents the plaintiffs, that he has no contact with them, and that he thought he signed a motion for substitution.  No such motion was filed with the court.

If Mr. Bunker desires to withdraw as counsel, he must file a motion within 10 of days from the

entry of this order.  LR IA 10-6.  Mr. Bunker must include in his motion to withdraw accurate contact information for plaintiffs Robert McNulty, Local Ad Link, Inc, and Beyond Commerce, Inc.  Defense counsel Mr. Furton shall file a notice of non-opposition, and the court will issue a ruling.

A corporation is not permitted to appear in Federal Court unless it is represented by counsel, and a *pro se* litigant may not represent a corporation. 28 U.S.C. § 1654; *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).  Plaintiffs did not appear at the hearing, and neither defense counsel nor Mr. Bunker have heard from or been able to contact plaintiffs.  Once Mr. Bunker files his motion to withdraw, plaintiffs will be once again unrepresented and their claims will be subject to dismissal.  See *Employee Painters' Trust v. Ethan Enterprises, Inc*., 480 F.3d 993, 998 (9th Cir.2007).

### B.    Grounds For Dismissal

The plaintiffs filed their complaint on July 29, 2009 (#1-2), and on August 19, 2009, the action was removed to this court (#1).  Since the removal, plaintiffs have failed to prosecute their claims, continuously changed counsel, and failed to obey court orders.  Dismissal is appropriate.

In the almost three years since the action was removed to this court, plaintiffs only filed a motion for preliminary injunction (#6), one motion to disqualify counsel (#73), and one motion for extension of time (#78).  There is no evidence that discovery has taken place or that plaintiffs have taken any action to prosecute their claims.  The court ordered the parties to file a discovery plan and scheduling order by April 5, 2010.  (#39).  No discovery plan/scheduling order was filed, and no Rule 26(f) conference was conducted.  Counsel for plaintiffs appear in the action only to oppose ( #30, #81, #95, #96) defendants' motions to dismiss for lack of prosecution (#58 and #91), to dismiss for failure to state a claim (#28), for sanctions (#80), or to strike (#79).  Defendants assert that after plaintiffs would appear to oppose the motions, they would fall silent, "taking no action and demonstrating no interest in pursuing the case."  (#106).

Plaintiffs were on notice that the court would not tolerate their failure to prosecute.  In a

September 9, 2010, order, the plaintiffs were admonished by the court that "neither the taxpayers nor defendants can afford to waste resources on "file-and-forget" cases where plaintiffs are rarely heard from," and that "neglect involved in the present delay is simply not excusable." (#88).   In a September 23, 2011, order, the court struck plaintiffs' answer (#94) to defendants' counterclaims, and stated that striking the answer was warranted because plaintiffs filed their answer five months after the deadline had passed and did not seek leave of the court to do so.  (#101).  The court ordered the clerk to enter default on defendants' counterclaims in favor of defendants.  *Id.*

Plaintiffs were represented by Snell and Wilmer when they filed the instant action. (#1-2).  Snell and Wilmer filed a motion to withdraw on March 5, 2010 (#43), which the court granted (#46).  The court ordered plaintiffs to retain new counsel by April 12, 2012.  (#46).  Plaintiffs did not obey the court's order, and on April 28, 2010, the defendants filed a motion to dismiss for failure to prosecute and retain counsel (#58) and a motion for default (#59).  Nearly six weeks *after* the deadline had passed, Mr. Bunker entered a notice of appearance of behalf of the plaintiffs.  (#72).  On February 10, 2011, defendants filed another motion to dismiss for failure to prosecute.  (#91).  New counsel for plaintiff Joseph R Maridon, Jr. filed a notice of appearance on February 23, 2011.  (#93).  On July 28, 2011, Mr. Maridon filed a notice of withdraw.  (#100).  Based upon the representations at the April 12, 2012, hearing, Mr. Bunker no longer represents plaintiffs and has not communicated with plaintiffs.

### 1.    Relevant Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The trial court has "a broad discretion in the matter of dismissing an action for want of diligent prosecution." *Schmidt v. Wallenius Line,* 455 F.2d 1088 (9th Cir. 1972).  The court may also dismiss a complaint for failure to comply with court orders. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992).  Where a corporation fails to retain counsel to represent it in an action or fails to otherwise comply with the court's orders, its complaint may be stricken. *Employee Painters' Trust,* 480

F.3d at 998.

### 2.    Discussion

Under Rule 41(b), the court must consider the following five factors before dismissing an action for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1 (9th Cir. 1992). These factors weigh in favor of dismissing plaintiffs' complaint. As discussed above, this action has been pending since 2009, without any discovery or prosecution on the part of the plaintiffs. It is not in the interest of the public or the court to permit plaintiffs to "file-and-forget" or to have such cases sitting dormant on the court's docket. The first two factors weigh in favor of dismissal. *Id.*

Since the plaintiffs are not represented by counsel and have essentially abandoned this action, plaintiffs have caused undue delays. Defendants continue to pay counsel to defend an action that plaintiffs have abandoned. Defendants cannot proceed with this action without plaintiffs participation, and have been prejudiced by plaintiffs' inaction. *Am. Exp. Partners, LLC. v. Inman,* No. CV 04-1431 CBM (MANx), 2005 U.S. Dist. LEXIS 46686, at *6-7 (C.D. Cal. Oct. 12, 2005)(citation omitted)("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."); *Vaughn v. U.S.*, No. CV-S-97-1695-DWH (LRL), 1999 U.S. Dist. LEXIS 2297, at *8 (D. Nev. Feb. 1, 1999) (citation omitted)(holding that "[u]nreasonable delay creates a presumption of injury to the defense."). The third factor weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1260-1.

It is highly unlikely that this action will be resolved on its merits. Plaintiffs have not engaged in discovery, have not filed dispositive motions, have not appeared in this action since February 24, 2011 (#95), have not taken any steps to maintain contact with counsel to further litigate or otherwise resolve their claims, and do not currently have counsel representing them. The fourth factor weighs in

8

favor of dismissal. *Ferdik*, 963 F.2d at 1260-1. As demonstrated above, plaintiffs were put on notice that the court will not tolerate the plaintiffs failure to prosecute. (#88). The court has already imposed lesser sanctions by denying plaintiffs' requests for extensions (#88) and striking the plaintiffs' answer (#101), and the sanctions were not effective. See *Jackson v. Wilshire Nursing & Rehab. Hosp.*, 78 Fed. Appx. 582, 584 (9th Cir. 2003) (affirming dismissal for failure to prosecute where prior sanctions had no apparent effect). The last factor weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1260-1.

In light of plaintiffs' failure to prosecute their claims, the court finds that imposing sanctions in the form of attorneys fees is warranted. See *Chambers,* 501 U.S. at 45-46. Defendants shall submit to the court an application for attorneys' fees within 10 days from the entry of this order.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion For Order Directing Plaintiffs To Appear Through Counsel (#106) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that Mr. Bunker must file a motion to withdraw within 10 days from the entry of this order. LR IA 10-6. Mr. Bunker must include in his motion to withdraw accurate contact information for plaintiffs Robert McNulty, Local Ad Link, Inc, and Beyond Commerce, Inc. Defense counsel Mr. Furton shall file a notice of non-opposition.

IT IS FURTHER ORDERED that defendants shall file an application for attorneys' fees within10 days from the entry of this order.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that plaintiffs' complaint (#1-2) be DISMISSED with prejudice for failure to prosecute.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file

objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

    DATED this 16th day of April, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**