# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOCAL AD LINK, INC, *et al*, | |
| Plaintiffs, | |
| v. | 2:09-cv-01564-GMN -VCF |
| | **ORDER** |
| ADZZOO, LLC, *et al.*, | |
| Defendants. | |

Before the court is plaintiffs' counsel Benjamin L. Bunker's Motion To Withdraw As Counsel. (#110). Defendants filed a Notice of Non-Opposition. (#112).

**Background**

Plaintiffs filed their complaint in the Eighth Judicial District Court, Clark County, Nevada, on July 29, 2009. (#1-2). Plaintiffs were represented by Aaron D. Ford and Jared R. Richards of Snell and Wilmer, L.L.P. *Id.* The action was removed to this court on August 19, 2009. (#1). On March 5, 2010, plaintiffs' attorneys at Snell and Wilmer filed a motion to withdraw as counsel, asserting that plaintiffs failed to pay the amounts in legal fees due and owing. (#43). The court granted the motion to withdraw on March 15, 2010, and ordered plaintiffs to retain new counsel by April 12, 2010. (#46). The April 12, 2010, deadline passed, and plaintiffs had not retained new counsel.

On June 14, 2010, attorney Benjamin L. Bunker filed a notice of appearance on behalf of plaintiffs. (#72). On February 23, 2011, Joseph Maridon, Jr. filed a notice of association of counsel (#93) for plaintiffs. In July of 2011, plaintiffs' counsel Mr. Maridon filed a notice of withdraw as counsel of record, stating that "all further notices and copies of pleadings, papers and other material relevant to this action should be provided to and served upon Benjamin L. Bunker, Esq." (#100). In September of 2011, after the court issued rulings on several motions, the defendants attempted to

contact plaintiffs' counsel, Mr Bunker, to discuss settlement negotiations. (#106). Mr. Bunker indicated that he no longer represents plaintiffs and that he does not have any information regarding plaintiffs' new counsel. *Id.* As the docket indicated that plaintiffs' counsel of record was Mr. Bunker, and Mr. Bunker had not filed a motion to withdraw, defendants filed a Motion for Order Directing Plaintiffs to Appear Through Counsel on February 22, 2012. (#106). On March 9, 2012, the court entered a minute order scheduling a hearing on the defendants' motion (#106) for March 30, 2012. (#107). On March 14, 2012, the court issued a minute order rescheduling the hearing for April 12, 2012, at 11:00 a.m. (#108).

During the April 12, 2012, hearing, Mr. Bunker stated that he no longer represents the plaintiffs, that he has no contact with them, and that he thought he signed a motion for substitution of counsel. Since no such motion was filed, the court issued an order and report and recommendation on April 16, 2012, stating that if Mr. Bunker "desires to withdraw as counsel, he must file a motion within 10 days from the entry of [the] order." (#111). The court also ordered that Mr. Bunker "must include in his motion to withdraw accurate contact information for plaintiffs Robert McNulty, Local Ad Link, Inc, and Beyond Commerce, Inc." *Id.* On April 16, 2012, Mr. Bunker filed the instant motion to withdraw as counsel. (#110).

**Motion To Withdraw As Counsel (#110)**

In Mr. Bunker's motion, he asserts that permitting him to withdraw is warranted, because (1) Mr. Bunker gave timely notice to the plaintiffs that he would be withdrawing, (2) on February 4, 2011, when Mr. Bunker departed as counsel, plaintiffs had retained replacement counsel, Mr. Maridon, Esq., (3) Mr. Bunker has not been provided any compensation by plaintiffs since his departure on February 4, 2011, (4) plaintiffs have not attempted to contact Mr. Bunker since his departure, (5) plaintiffs agreed that it was in everyone's best interest for Mr. Bunker to withdraw, and (6) plaintiffs and Mr. Bunker had a "breakdown in communication" which prevented Mr. Bunker from continuing to represent plaintiffs. (#110).

1  Mr. Bunker states that the reason he did not file a motion to withdraw prior to the court's order
2  (#111), was because he "operated under the understanding that Mr. Maridon had filed a substitution of
3  counsel." *Id.* Mr. Bunker provides the court with the last known addresses for plaintiffs, and asserts
4  that he sent notice to plaintiff McNulty at his last known e-mail address, "informing him of [Mr.
5  Bunker's] pending withdrawal and the need to retain new counsel, [and] requesting current contact
6  information and the status of this matter." *Id.* Mr. Bunker also asserts that he mailed and e-mailed
7  copies of his motion (#110) to plaintiffs' last known addresses. *Id.*

8  Pursuant to Local Rule IA 10-6(b), "[n]o attorney may withdraw after appearing in a case except
9  by leave of [c]ourt after notice has been served on the affected client and opposing counsel." "Except
10 for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial
11 or any hearing in the case would result." LR IA 10-6(e). Nevada Rule of Professional Conduct
12 1.16(b)(5) provides that a lawyer may withdraw if the "client fails substantially to fulfill an obligation
13 to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will
14 withdraw unless the obligation is fulfilled."

15 Based on Mr. Bunker's representation that plaintiffs agreed to the withdrawal in February of
16 2011, that there was a "breakdown in communication," that plaintiffs have not contacted Mr. Bunker
17 since his departure in February of 2011, and that defendants do not oppose the withdrawal (#112), the
18 court will permit Mr. Bunker to withdraw. LR IA 10-6(b);NRPC 1.16(b)(5). As there are no pending
19 motions in this action, no trial date set, and plaintiffs have not taken any steps to prosecute their claims
20 and are facing dismissal, the court finds that permitting Mr. Bunker to withdraw would not result in
21 delay. LR IA 10-6(e).

22 A corporation is not permitted to appear in Federal Court unless it is represented by counsel, and
23 a *pro se* litigant may not represent a corporation. 28 U.S.C. § 1654; *U.S. v. High Country Broadcasting*
24 *Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Rowland v. California Men's Colony*, 506 U.S. 194, 201-
25 02 (1993). Since the court is permitting Mr. Bunker to withdraw, plaintiffs will not be represented by

3

counsel, and their claims will be subject to dismissal. See *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir.2007). If plaintiffs desire to proceed in this action and to object to the report and recommendation that their claims be dismissed (#111), the corporate plaintiffs must retain counsel and individual plaintiff must either retain counsel or file a notice of appearing *pro se* within 14 days from the entry of this order. Failure to retain counsel or to file a notice of appearing *pro se* will further subject plaintiffs' claims to dismissal. *Employee Painters' Trust*, 480 F.3d at 998.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' counsel Benjamin L. Bunker's Motion To Withdraw As Counsel (#110) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall mail a copy of this order and the court's April 16, 2012, Order and Report and Recommendation (#111) to plaintiff Beyond Commerce, Inc. at 750 Coronado Center Dr., #120, Henderson, Nevada 89052 and to plaintiff Local Ad Link, Inc. at 64 Tierra Montanosa, Rancho Santa Margarita, California 92688.

IT IS FURTHER ORDERED that corporate plaintiffs must retain counsel and individual plaintiff must either retain counsel or file a notice of appearing *pro se* within 14 days from the entry of this order.

DATED this 18th day of April, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**