UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LOCAL AD LINK, INC, *et al*,

        Plaintiffs,

v.

ADZZOO, LLC, *et al.*,

        Defendants.

2:09-cv-01564-GMN -VCF

**ORDER AWARDING ATTORNEYS' FEES AND RECOMMENDATION TO ENTER JUDGMENT**

Before the court is defendants' Motion for Attorney Fees. (#115). No Opposition was filed.

**Background**

Plaintiffs filed their complaint in the Eighth Judicial District Court, Clark County, Nevada, on July 29, 2009. (#1-2). On August 10, 2009, plaintiffs filed an *ex-parte* motion for temporary restraining order and preliminary injunction. (#1-4). On February 19, 2010, defendants filed an answer, a third party complaint, and counterclaims. (#39). After filing a motion to dismiss for failure to state a claim (#28), two motions to dismiss for failure to prosecute (#58 and #91), a motion for entry of default on the counter-claims (#59), and a motion for sanctions for failure to comply with court orders and local rules (#74), on February 22, 2012, defendants filed a motion for order directing plaintiffs to appear through counsel and for attorneys' fees (#106) in an attempt to move the nearly three-year old action forward.

In the motion, defendants asserted that plaintiffs engaged in a "file-and-forget" litigation, and that the plaintiffs had essentially abandoned the case. (#106). Defendants asked this court to, once again, order the plaintiffs to appear through counsel, because the defendants "cannot move the plaintiffs' case forward without their participation." *Id.* In light of the expenses that plaintiffs had forced

defendants to incur by filing the lawsuit and several baseless motions, and then disappearing, defendants asked this court to award attorneys' fees. *Id.* Any opposition was due on March 10, 2012. *Id.* No opposition was filed. On April 12, 2012, the court held a hearing on the defendants' motion (#106), and plaintiffs' counsel of record at the time, Benjamin Bunker, appeared telephonically[1]. During the hearing, Mr. Bunker stated that he no longer represented the plaintiffs, that he has no contact with them, and that he thought he signed a motion for substitution. No such motion was filed with the court.

On April 16, 2012, the court issued a report and recommendation regarding the defendants' motion for an order directing plaintiffs to appear through counsel and for attorneys' fees (#106). (#111). The court stated that, pursuant to Local Rule IA 10-6, "[i]f Mr. Bunker desires to withdraw as counsel, he must file a motion within 10 of days from the entry of th[e] order." *Id.* The court recommended dismissal of plaintiffs' claims with prejudice for failure to prosecute, finding that "[s]ince the removal [of this action to this court], plaintiffs have failed to prosecute their claims, continuously changed counsel, and failed to obey court orders." *Id.* The court stated that, "[i]n light of plaintiffs' failure to prosecute their claims, the court finds that imposing sanctions in the form of attorneys fees is warranted." *Id.* Defendants were ordered to submit to the court an application for attorneys' fees within 10 days from the entry of the order. *Id.*

On April 16, 2012, attorney Mr. Bunker filed a motion to withdraw as counsel (#110), which the court granted on April 18, 2012 (#113). On April 26, 2012, defendants filed the instant motion for attorneys' fees. (#115). No opposition was filed. Any objection to the report and recommendation to dismiss (#111) was due by May 3, 2012. No objection was filed. On June 6, 2012, the court adopted the report and recommendation (#111), dismissing plaintiffs' complaint with prejudice for failure to

---

[1] At the April 12, 2012, hearing, counsel for defendants Matthew Furton appeared, but no other counsel or parties were present. (#109). The court called Mr. Bunker's law office, and was told that Mr. Bunker did not receive notice of the hearing. The court permitted Mr. Bunker to appear telephonically. When questioned about receiving notification of the minute orders (#107 and #108) scheduling the hearing, Mr. Bunker stated that he did not receive any emails from CM-ECF.

2

1 prosecute. (#116).

2 **Motion For Attorneys' Fees (#115)[2]**

3 Pursuant to Local Rule 54-16(b) "a motion for attorney's fees must...include the following: (1) [a] reasonable itemization and description of the work performed; (2) [a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15: (3) [a] brief summary of [the factors resulting in the requested amount], and (4) such other information as the [c]ourt may direct." The moving party must also submit an attorney affidavit "authenticating the information contained in the motion and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable." LR 54-16(c). If no opposition to the motion for attorneys' fees is filed, "the [c]ourt may grant the motion." LR 54-16(e).

11 Defendants assert that from the beginning of the litigation, through March 2012, defendants have "incurred $447,255.08 in attorneys' fees and expenses in connection with this case." (#115). In support of this assertion, and in compliance with LR 54-16(c), counsel for defendants, Matthew T. Furton, filed an affidavit (#115-1 Exhibit A). Defendants also submitted redacted copies of the billing records, which contain an "itemization and description of the work performed" and the "cost sought to be charged" in accordance with LR 56-16(b)(1) and (2). (#115 -1 Exhibit 1). Counsel Matthew T. Furton stated in his affidavit that the "billing records reflect the actual amount of time expended by the indicated attorneys," that the "fees and costs charged to [d]efendants were necessarily and reasonably incurred in the course of defending against [p]laintiffs' claims and prosecuting defendants' counterclaims," and that the fees and costs are consistent with the law firm's "standard rates for services rendered in similar business

---

[2] Federal Rule of Civil Procedure 54(d)(2)(D) provides that the court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Rule 72(b) requires a magistrate judge to issue a report and recommendation on any dispositive matter that is referred to the judge. Fed. R. Civ. P. 72(b). Rule 54(d)(2)(E) states that sections 54(d)(2)(A)-(D) "do not apply to claims for fees and expenses as sanctions for violating these rules..." Fed. R. Civ. P. 54(d)(2)(E). The motion was referred to the undersigned magistrate judge on June 6, 2012. As the attorneys' fees were awarded as a sanction for plaintiffs' failure to prosecute (#111), the undersigned magistrate judge will issue a ruling on the motion for attorneys' fees in lieu of a report and recommendation. *See* Fed. R. Civ. P 54(d)(2)(E).

litigation engagements." (#115-1 Exhibit A); *See* LR 54-16(c).

Defendants assert that 1,047.95 hours were spent by attorneys and paralegals in connection with this matter, that the action "consumed many hours that counsel could have devoted to other matters," and that the time and resources spent were unnecessarily increased due to plaintiffs' "refusal to participate meaningfully in the proceedings." (#115); *See* LR 54-16(b)(3)(B), (E), and (H). Defendants attached the biographies of counsel (#115-2 Exhibit B) to demonstrate the experience, reputation, and ability of the attorneys handling this matter, and to provide support for counsel's hourly rates reflected in the billing records (#115-1 Exhibit 1); *See* LR 54-16(b)(3)(B), (D), (F), and (I) .

Defendants ask this court to award defendants $447,255.08 in attorneys' fees and expenses as a sanction for plaintiffs' conduct since the commencement of the litigation. (#115); *See Glassman v. Raytheon Non-Bargaining Retirement Plan*, 259 Fed. Appx. 932, 933 (9th Cir. 2001)(affirming sanction of attorneys' fees where plaintiff "engaged in 'vexatious litigation' by filing her complaint and maintaining her lawsuit"). Defendants assert that the fees sought and reflected in the billing records were incurred in connection with (1) "moving to dismiss and answering a sprawling complaint," (2) "moving to dismiss (twice) plaintiffs' complaint for failure to prosecute after [p]laintiffs repeatedly taking no action," (3) "moving for entry of default, and subsequently judgment on the pleadings, with respect to [d]efendants' counterclaims, which were never properly answered," (4) "defending against a motion to disqualify [d]efendants' counsel" that had no merit, and (5) "moving for an order compelling [p]laintiffs to appear through counsel (for a second time)." (#115).

Considering the nature of the work performed in relation to the above listed motions, the court finds that an average hourly rate of $250 is reasonable. *See* Nevada Rule of Professional Conduct 1.5(a)(1)and (3)(stating that the court must consider the "[t]ime and labor required, the novelty and difficulty of the questions involved,...the skill requisite to perform the legal services properly," and the "fee customarily charged in the locality for similar legal services" in determining the reasonableness of a fee). With a total of 1,047.95 hours billed in relation to these motion, at an average hourly rate of

4

$250, a reasonable award of attorneys' fees is $261,987.50.  The court will not award expenses and costs at this time.  Pursuant to LR 54-1(a), the defendants are entitled to reasonable costs, and "must serve and file a bill of costs and disbursements on the form provided by the Clerk no later than fourteen (14) days after the date of entry of the judgment..."

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion for Attorney Fees (#115) is GRANTED in part and DENIED in part, as discussed above.

**RECOMMENDATION**

It is the recommendation of the undersigned magistrate judge that the Clerk enter judgment against the plaintiffs in the amount of $261,987.50.

DATED this 7th day of June, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**